# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOHN PHILLIPS, | ) ) ) |
| Petitioner, | ) No. 06 C 4256 ) |
| v. | ) Judge Ronald A. Guzmán ) |
| GREGORY FIRKUS, Warden, | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

John Phillips has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to vacate his convictions for armed robbery and aggravated battery. The case is before the Court on respondent's motion to dismiss Phillips's petition as time-barred. For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion and terminates this case.

### Facts

In 1997, Phillips was convicted of armed robbery and aggravated battery with a firearm, and sentenced to consecutive sentences of twenty and fifteen years of imprisonment. (Gov't Ex. A, Defense Counsel's Mot. Withdraw at 1.) Phillips appealed his conviction and sentences, all of which were affirmed. (Gov't Ex. B, *People v. Phillips*, No. 1-97-1090, slip op. at 4 (Ill. App. Ct. Feb. 11, 1998).) Phillips then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on June 3, 1998. (Gov't Ex. D, *People v. Phillips*, No. 85274, slip op. at 1 (Ill. Jun. 3, 1998).)

On November 30, 1998, Phillips filed his first petition for post-conviction relief. (Gov't Ex. E, Pet. Post-Conviction Relief at 1.) On February 3, 1999, the circuit court dismissed Phillips's petition as "frivolous and patently without merit." (Gov't Ex. H, *People v. Phillips*, No. 95 CR 25345, slip op. at 8-9 (Cir. Ct. Cook County Feb. 3, 1999).) Phillips appealed that decision and, on November 9, 1999, the appellate court affirmed. (Gov't Ex. K, *People v. Phillips*, No. 1-99-0878, slip op. at 4 (Ill. App. Ct. Nov. 9, 1999).) Subsequently, Phillips filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on February 2, 2000. (Gov't Ex. M, *People v. Phillips*, No. 88713, slip op. at 1 (Ill. Feb. 2, 2000).)

On February 4, 1999, while his first post-conviction petition was still pending, Phillips filed a second post-conviction petition. (Gov't Ex. N, Second Pet. Post-Conviction Relief at 1.) The second petition was dismissed on November 9, 2001, a decision that was affirmed on March 7, 2005. (Gov't Ex. R, *People v. Phillips*, No. 95 CR 25345, 11/9/01 Hr'g Tr. at 10; Gov't Ex. W, *People v. Phillips*, No. 1-03-2569, slip op. at 9-10 (Ill. App. Ct. Mar. 7, 2005).) On September 29, 2005, the Illinois Supreme Court denied Phillips's petition for leave to appeal. (Gov't Ex. Y, *People v. Phillips*, No. 100448, slip op. at 1 (Ill. Sept. 29, 2005).) Phillips did not file a petition for a writ of certiorari to the United States Supreme Court.

On July 6, 2006, Phillips filed the instant petition.[1] (Pet. at 7.)

## Discussion

In his petition, Phillips claims that: (1) he received ineffective assistance of post-conviction counsel; (2) his conviction is infirm because his arrest was not supported by a warrant or probable cause; and (3) his trial counsel was ineffective because he conferred with Phillips

---

[1] The Court deems him to have filed his petition on the day he signed it.

2

only once before trial, did not file a motion to suppress identification testimony, and did not "ascertain before trial" whether a critical witness, Shaun McCree, "would be helpful or harmful to the defense."[2] (Pet. 5-6b.)

The first claim is easily dispatched. There is no constitutional right to effective counsel in post-conviction proceedings, *Alexander v. United States*, 121 F.3d 312, 314 (7th Cir. 1997), and, even if there were, it could not be vindicated in a habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Phillips's other claims are cognizable, but respondent contends they are untimely. Habeas claims are subject to a one-year limitations period that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Phillips also says that his lawyer did not canvas the neighborhood in which the shooting occurred to try to find defense witnesses or, as far as Phillips knows, interview the State's potential witnesses. (Pet. 6, 6b.) But Phillips does not have an affidavit from his lawyer or any other evidence to support these assertions. Nor does he identify the witnesses or information counsel would have discovered had he investigated further. Absent such evidence, Phillips has not stated an ineffective assistance claim for inadequate investigation. *See United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991) ("[A] habeas court cannot even begin to apply *Strickland's* standards to . . . a [failure to investigate] claim unless and until the petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been." (quotation and citation omitted)).

3

28 U.S.C. § 2244(d)(1)(A-D). Accordingly, we must determine whether Phillips's claim are timely under any of these provisions.

Section 2244(d)(1)(A) measures timeliness from the date a conviction becomes final. According to the Seventh Circuit, a conviction is final when the direct appeals in state court and the certiorari proceedings before the Supreme Court are completed or, if the petitioner did not seek a writ, the ninety-day period for doing so has expired. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The Illinois Supreme Court denied Phillips's petition for leave to appeal on June 3, 1998. (Gov't Ex. D, *People v. Phillips*, No. 85274, slip op. at 1 (Ill. Jun. 3, 1998).) Phillips did not petition for certiorari. Thus, the one-year habeas clock started to run on September 2, 1998, the day after the ninety-day period for seeking a writ of certiorari had elapsed.[3]

The period was tolled, however, during the pendency of Phillips's state post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). Phillips filed his first petition for post-conviction relief on November 30, 1998. (*See* Gov't Ex. E, First Pet. Post-Conviction Relief 1.) He filed his second post-conviction petition on February 4, 1999, while his first petition was still pending. (*See* Gov't Ex. N, Second Pet. Post-Conviction Relief 1.) As a result, the habeas clock, which stopped on November 30, 1998, did not start running again until September 30, 2005, the day after the state court proceedings on the second post-conviction petition were complete. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007)

---

[3]*See* Fed. R. Civ. P 6(a) ("In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.")

4

(holding that pendency of certiorari proceedings does not toll habeas limitations period because state post-conviction proceedings are no longer "pending" within the meaning of the habeas tolling provision after the highest state court has ruled on the post-conviction petition); (Gov't Ex. Y, *People v. Phillips*, No. 100448, slip op. at 1 (Ill. Sept. 29, 2005) (denying Phillips's petition for leave to appeal denial of second post-conviction)).

In sum, the habeas statute of limitations ran from September 2, 1998 (the day after Phillips's conviction became final) until November 30, 1998 (the day Phillips filed his first post-conviction petition) and from September 30, 2005 (the day after the proceedings on his second post-conviction petition were completed) to July 6, 2006 (the date Phillips filed the instant petition), a total of 369 days. Because Phillips filed his habeas petition more than one year after his conviction became final, it is not timely under 28 U.S.C. § 2444(d)(1)(A).

It is also not timely under Section 2244(d)(1)(B) or (C). The former deems a habeas petition to be timely if it is filed within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed." The latter deems a habeas petition timely if it is filed within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Phillips does not contend that any unconstitutional state action prevented him from filing his petition sooner nor does he assert a constitutional right that has only recently been recognized, and made retroactive to cases on collateral review, by the Supreme Court. Consequently, the second and third methods of calculating the habeas limitations period do not apply.

That leaves the last method, which starts the habeas clock on the "date that the factual predicate of the claim or claims presented could have been discovered through the exercise of due

5

diligence." 28 U.S.C. § 2244(d)(1)(D). The factual predicate for Phillips's first claim is that he was arrested without a warrant or probable cause, facts of which Phillips should have been aware on August 15, 1995, the day he was arrested. (*See* Pet. 5a.) The factual predicates for his second claim are that his lawyer conferred with him only once before trial, had not filed a pre-trial motion to suppress, and had not properly assessed the impact of witness McCree's testimony before he testified, all of which he should have known by the time his trial ended in February 1997. (*See id.* 1, 5-6b.) In short, Phillips knew about the factual bases for his claims nearly a decade before he filed this petition. As a result, section 2244(d)(1)(D) does not render it timely.

Phillips's last hope is equitable tolling, which excuses an untimely filing if "despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time." *Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006), *cert. denied,* 75 U.S.L.W. 3351 (U.S. Jan 08, 2007) (No. 06-7056). As noted above, Phillips has had the facts necessary to raise his habeas claims for years. Accordingly, equitable tolling has no application to this case.

## Conclusion

For the foregoing reasons, the Court grants respondent's motion to dismiss [doc. no. 16] Phillips's habeas petition and terminates this case.

**SO ORDERED.**　　　　　　　　　　**ENTERED:** 5/10/07

HON. RONALD A. GUZMAN
United States District Judge